# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SHELLY POPE,

        Plaintiff,

v.                                                      Case No. 15-12977
                                                         Honorable Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION IN PART AND AWARDING EAJA FEES

This matter is before the Court on Magistrate Judge Patricia T. Morris's Report and Recommendation. **[Doc. No. 28, filed March 3, 2017]** Plaintiff filed a timely objection to the Report and Recommendation regarding the number of hours worked by her attorney for which fees were awarded. The Government did not file a response to the objection.

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review

of an ALJ's decision is not a *de novo* review. The district court may not resolve conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if supported by substantial eidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Sec'y of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons, with one exception. The Magistrate Judge determined that Plaintiff had requested payment for 18.85 hours of work performed by her attorney. As Plaintiff noted in her objection, the Magistrate Judge did not include the three hours spent by Plaintiff's attorney arguing her entitlement to fees pursuant to the Equal Access to Justice Act ("EAJA"). The Sixth Circuit has recognized that an award of EAJA fees for time spent litigating an EAJA fee request is permissible. *See Sakhawati v. Lynch*, 839 F.3d 476, 481 (6th Cir. 2016). The Court concludes that awarding Plaintiff EAJA fees based on 21.85 hours of work performed by her attorney is appropriate.

For the reasons set forth above,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Patricia T. Morris **[Doc. No. 28, filed March 3, 2017]** is **ACCEPTED** and **ADOPTED IN PART**; specifically, the Court accepts and adopts as this Court's

findings of fact and conclusions of law all parts of the Report and Recommendation except the Magistrate Judge's conclusion that Plaintiff's attorney should be paid EAJA fees for 18.85 hours of attorney work.

**IT IS FURTHER ORDERED** that Plaintiff's Objection **[Doc. No. 29, filed March 17, 2017]** is **GRANTED**, and the number of attorney hours worked for which EAJA fees shall be paid is 21.85.

**IT IS FURTHER ORDERED** that an EAJA fee in the amount of $2,862.50 shall be paid directly to Plaintiff's attorney, Jacob Bender. The EAJA fee amount of $2,862.50 represents 21.85 hours of attorney time at $125/hour and 1.75 hours of staff time at $75/hour.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: May 31, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager